Lorenzo W. **LAWSON**, Appellant,

v.

Paul D. **CASPARI**, Appellee.

No. 91–3372.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1992.

Decided May 7, 1992.

Carter Collins Law, St. Louis, Mo., argued, for appellant.

Frank A. Jung, Jefferson City, Mo., argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Lorenzo Lawson appeals from a judgment of the district court[1] denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.

Lawson was convicted of armed criminal action and first degree assault in connection with the 1984 shooting of Teka Hayes, and sentenced to consecutive sentences of ten and twenty years, respectively. At trial, Hayes testified that she and Lawson had an argument around 10:00 in the evening outside of Etta Carter's home. Hayes stated she had a knife. Although Hayes testified that she could not identify who shot her, Carter testified she saw Lawson shoot Hayes. Police officer Steve Lake testified that when he arrived on the scene Hayes told him that Lawson shot her.

After his convictions and sentences were upheld on direct appeal, *State v. Lawson*, 706 S.W.2d 613 (Mo.Ct.App.1986), Lawson filed a post-conviction motion alleging that his public defender, David Strauss, was ineffective for failing to call alibi witnesses who were present the morning of trial. At the evidentiary hearing, Lawson testified he was at home in bed with Stephanie Flanagan at the time of the shooting, and presented the testimony of his cousin Taurras Cross and brother Anson Lawson. Cross and Lawson, who both admitted convictions for stealing, testified that they were at Lawson's home when he arrived around 10:00 p.m.

Strauss testified by deposition. He stated that he had interviewed four witnesses and had taken the deposition of Dana Ricard and Flanagan. He explained that although witnesses were present the morning of trial, he became convinced during the prosecutor's opening argument that an alibi defense would not be successful. Moreover, he stated that all along he had believed the witnesses would not be credible due to their demeanor, prior convictions, and inconsistent stories. In particular, he noted that in her deposition Flanagan had stated that she had been waiting for Lawson to arrive at his home, whereas Ricard stated that she saw Lawson arrive at the house with Flanagan. He also stated that he had not interviewed Luther Dawson and Reginald Paige because he knew them as clients of the public defender's office and believed because of their prior criminal records and poor demeanor their testimony would do more harm than good. Strauss also expressed concerns about "fudged" testimony from James Mahaney, who Lawson met while confined in jail. Interview notes indicate that Mahaney told an investigator that Lawson had asked him to say he was with Lawson at Lawson's home at the time of the shooting, but that he refused.

The motion court denied relief, finding that Strauss performed competently. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court noted that Strauss had conferred with Lawson at least five times, examined the police report and other related materials, and had interviewed and subpoenaed potential alibi witnesses. The court credited Lawson's testimony that his decision not to call the witnesses was based on his judgment concerning their lack of credibility and poor demeanor. The court further noted that Strauss extensively cross-examined all of the state's witnesses and presented a self-defense theory. The Missouri Court of Appeals affirmed. *Lawson v. State*, 768 S.W.2d 673 (Mo.Ct.App.1989).

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri, adopting the recommendation of The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

In his habeas petition, Lawson renewed his allegation that Strauss was ineffective for abandoning the alibi defense the morning of trial. The district court denied relief, finding that Strauss's decision not to call the alibi witnesses was based on reasonable trial strategy.

On appeal Lawson argues that Strauss's reasons for failing to call the witnesses was not a product of trial strategy, but rather was a *"post-hoc* version of otherwise inexplicable actions."* Lawson argues that the fact that Strauss subpoenaed the witnesses for trial belies his testimony that they lacked credibility. He also suggests Strauss's failure to call the witnesses deprived him of his only viable defense, noting that self-defense was poorly supported by the record. Despite some superficial appeal, Lawson's arguments are without merit.

In *Johnson v. Lockhart,* 921 F.2d 796, 799 (8th Cir.1990), a petitioner also argued that his counsel was ineffective for failing to call alibi witnesses who had been subpoenaed and were present at trial. This court found the failure to call the witness did not constitute ineffective assistance of counsel, relying on counsel's testimony at the evidentiary hearing that he did not call the witnesses because of their lack of "trustworthiness and credibility." *Id.* This court noted that counsel had interviewed the witnesses and had subpoenaed them "to assure that they would be present at trial if needed." *Id.* The court stated that "[o]nce an attorney interviews a witness, it becomes largely a matter of legal judgment as to whether the witness should be called to testify[,]" and that counsel's decision not to call the witnesses "was clearly a matter of trial strategy." *Id.* *See also Russell v. Jones,* 886 F.2d 149, 152 (8th Cir.1989) (no ineffective assistance where counsel refused to call alibi witnesses she believed were "more harmful than helpful"); *Lewis v. Lane,* 832 F.2d 1446, 1462 (7th Cir.1987) ("decision not to put the alibi witnesses on the stand, although they were present at the trial, was strictly one of trial strategy" where counsel was informed by another attorney that the witnesses were not credible and would lie to protect petitioner), *cert. denied,* 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 59 (1988).[2]

In *Johnson,* this court also rejected petitioner's argument that counsel's failure to present an alibi defense deprived him of any viable defense. The court found that despite the fact that counsel did not present any physical, testimonial, or circumstantial evidence, he presented a theory of the case by pointing out the "weaknesses in the state's case and rais[ing] serious questions about the credibility of the state's sole eyewitness." 921 F.2d at 800. It was observed that "the Constitution's guarantee of effective representation does not require an attorney to submit any minimum amount or particular type of evidence." *Id.*

Likewise, in this case, we note that Strauss extensively cross-examined Hayes and Carter and pointed out weaknesses in the state's case.

In the totality of circumstances and on the record open for our consideration, we are persuaded that the district court committed no reversible error of law or fact.

Accordingly, the judgment is affirmed.

---

**2.** Lawson attempts to argue that decision not to call the alibi witnesses was not a product of reasonable trial strategy because of inadequate investigation, noting Strauss's refusal to personally interview Dawson and Paige. We agree with the state that this claim is procedurally barred because Lawson did not raise the claim in the state appellate court on the denial of his post-conviction motion. *See Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir.1988), *cert. denied,* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). Nor did Lawson argue cause and prejudice to excuse the bar in the district court. In fact, Lawson did not raise the claim in the district court at all.